IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CLINT BROWN, et al.,                    )
                                        )
                    Plaintiffs,         )
                                        )
v.                                      )        Case No. 4:12-CV-00402-BCW
                                        )
GILBERT LEON WATSON,                    )
                                        )
                    Defendant.          )

**<u>ORDER</u>**

Before the Court is Defendant's Motion to Dismiss Count IV of Plaintiffs'
Complaint for Failure to State a Claim upon which Relief can be Granted and Motion for
a More Definite Statement Pursuant to Rule 12(e) (Doc. #11). The Court being duly
advised of the premises, and for good cause shown, denies said Motion as moot.

Plaintiffs filed their Complaint and Jury Demand (Doc. #1) on April 5, 2012
alleging the following four claims: breach of contract and breach of the implied duty of
good faith and fair dealing (Count I), negligence (Count II), unjust enrichment (Count
III), and conversion (Count IV). In response, Defendant filed the instant motion on May
14, 2012 seeking dismissal of Count IV for failure to state a claim and seeking an order
requiring Plaintiffs to make their claims set forth in Counts II and III more definite. <u>See</u>
Doc. #11.

Plaintiffs filed Suggestions in Opposition to Defendant's Motion (Doc. #16) on
June 1, 2012. Plaintiffs also filed their First Amended Complaint and Jury Demand (Doc.
#15) on June 1, 2012. In their opposition suggestions, Plaintiffs assert Defendant's
Motion to Dismiss and Motion for More Definite Statement (Doc. #11) are moot due to
Plaintiffs' First Amended Complaint filed pursuant to Fed. R. Civ. P. 15(a)(1). Defendant

1

did not reply to Plaintiffs' suggestions, but filed his Answer to Amended Complaint and Counterclaim (Doc. #29) on June 29, 2012.

As a matter of course, a party may amend its complaint within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R CIV. P. 15(a)(1)(B). The motions before the Court, Defendant's Motion to Dismiss Count IV and Motion for a More Definite Statement, were filed pursuant to Rule 12(b) and (e), respectively. Plaintiffs filed their First Amended Complaint and Jury Demand on June 1, 2012, within 21 days of the filing date of Defendant's Motions. Plaintiffs First Amended Complaint was therefore properly filed pursuant to Rule 15(a)(1).

Further, Defendant did not reply to Plaintiffs' opposition suggestions to Defendant's motions and filed his Answer to Amended Complaint and Counterclaim (Doc. #29). In the Court's interpretation, this filing indicates Defendant found Plaintiffs' First Amended Complaint addressed the issues raised by Defendant's Motion to Dismiss and Motion for More Definite Statement, thereby rendering said motions moot. Accordingly, it is hereby

ORDERED Defendant's Motion to Dismiss Count IV of Plaintiffs' Complaint for Failure to State a Claim upon which Relief can be Granted and Motion for a More Definite Statement Pursuant to Rule 12(e) (Doc. #11) is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: <u>November 28, 2012</u>

/s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT